OPINION
{¶ 1} Defendant-appellant Darwin Saunders appeals from the March 20, 2003, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Correct or Vacate Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 2, 2001, the Stark County Grand Jury indicted appellant on two counts of possession of cocaine in violation of R.C.2925.11(A), felonies of the first degree, and one count of possession of marijuana in violation of R.C. 2925.11(A), a felony of the fifth degree. At his arraignment on October 5, 2001, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on October 29, 2001, appellant withdrew his former not guilty plea and pled guilty to all of the counts. As memorialized in a Judgment Entry filed on November 1, 2001, appellant was sentenced to five years in prison for each count of possession of cocaine and to six months in prison for the offense of possession of marijuana. The trial court, in its entry, ordered that the sentences be served concurrently, for an aggregate sentence of five years. No appeal was filed by appellant.
 {¶ 4} On March 17, 2003, appellant filed a "Motion to Correct or Vacate the Incorrect Sentence as Imposed." Appellant, in his motion, argued that "[i]t's the Defendant Saunders [sic] contention as he being a first time offender having never been to prison and only Possessed cocaine and not sold cocaine, the sentence amount imposed was improper." Pursuant to a Judgment Entry filed on March 20, 2003, the trial court denied appellant's motion, citing Crim.R. 33, App.R. 4(B) and 26, Supreme Court Rule II, and R.C. 2953.21(A)(1), (A)(2), and (J).
 {¶ 5} It is from the trial court's March 20, 2003, Judgment Entry that appellant now appeals, raising the following assignment of errors:
 {¶ 6} "I.THAT THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE MOTION TO CORRECT OR VACATE SENTENCE WITHOUT HOLDING A HEARING TO EXPLAIN THE FIVE YEAR SENTENCE."
 {¶ 7} "II. THE SENTENCE IMPOSED IS CONTRARY TO CURRENT LAW BECAUSE THE TRIAL COURT FAILED TO EXPLAIN ON THE RECORD AS TO WHY IT DID NOT SENTENCE TO THE SHORTEST PRISON TERM."
 I, II {¶ 8} Appellant, in his two assignments of error, argues that the trial court erred in denying appellant's Motion to Correct or Vacate Sentence. Appellant specifically contends that the trial court erred in failing to hold a hearing to explain appellant's five year sentence and that the sentence imposed by the trial court was contrary to law since the trial court, in sentencing appellant, failed to explain on the record why it did not sentence appellant to the shortest prison term.
 {¶ 9} We find that appellant's motion was, in actuality, a petition for post-conviction relief because it requested the enforcement of rights guaranteed by the United States Constitution. The Supreme Court of Ohio has spoken on this issue in State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131:
 {¶ 10} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at syllabus. In Reynolds, as in the case sub juice, the defendant had filed a "Motion to Correct or Vacate Sentence."
 {¶ 11} However, while the trial court properly treated appellant's motion as a petition for post-conviction relief pursuant to R.C.2953.21,[1] we find that the same was not timely filed. R.C.2953.21(A)(2) states as follows:
 {¶ 12} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} In turn, R.C. 2953.23 states, in pertinent part, as follows:
 {¶ 14} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 15} "(1) Either of the following applies:
 {¶ 16} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 17} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 19} As is stated above, appellant's conviction and sentence were memorialized in a Judgment Entry filed on November 1, 2001. Since no appeal was taken, appellant was required to file his petition for post-conviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant, therefore, had 210 days from November 1, 2001, to file his petition. Appellant, however, did not file his petition until March 17, 2003 — almost ten months out of time. Moreover, as noted by appellee, appellant failed to "make a showing under R.C. 2953.23 to justify the late filing."
 {¶ 20} Since, therefore, appellant's petition was not timely filed, we find that the trial court did not err in denying the same.
 {¶ 21} Furthermore, we find that appellant's claims are barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 180, 226 N.E.2d 104. In this case, appellant's arguments are based on the record. Therefore, these issues could have been raised on direct appeal. Consequently, the doctrine of res judicata bars appellant from raising these issues here.
 {¶ 22} Appellant's first and second assignments of error are, therefore, overruled.
 {¶ 23} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Gwin, P.J. and Wise, J., concur.
[1] As is stated above, the trial court cited to R.C. 2953.21 in its order denying appellant's motion.