[Cite as *State v. Brown*, 2021-Ohio-1918.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2020 CA 00099 |
| ERNEST A. (BOOKER) BROWN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:             Criminal Appeal from the Court of Common
                                     Pleas, Case No.  1996 CR 00730


JUDGMENT:                            Affirmed


DATE OF JUDGMENT ENTRY:              June 3, 2021


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

KYLE L. STONE                            ERNEST A. (BOOKER) BROWN
PROSECUTING ATTORNEY                     PRO SE
KATHLEEN O. TATARSKY                      Belmont Corr. Institution
ASSISTANT PROSECUTOR                     68518 Bannock Uniontown Road
110 Central Plaza South, Suite 510       St. Clairsville, Ohio  43950
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Appellant Ernest A. (Booker) Brown appeals the June 2, 2020, decision of the Stark County Court of Common Pleas denying his petition for post-conviction relief.

{¶2} Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS</u>

{¶3} For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶4} In July, 1996, Appellant Ernest Allen Brown aka Ernest Allen Booker was indicted by the Stark County Grand Jury on charges of aggravated burglary, kidnapping and rape. Because Appellant had previously been convicted of rape in Montgomery County and was still on parole, the indictment contained three repeat violent offender specifications.

{¶5} Following a trial by jury, Appellant was convicted of all charges and sentenced to sixty (60) years in prison.

{¶6} Appellant filed a direct appeal of his convictions and sentences to this Court arguing that he was denied effective assistance of counsel. This Court sustained his assignment of error and remanded his case to the trial court for retrial. *State v. Booker,* 5th Dist., Stark App. No. 1996CA00319. (March 24, 1997, unreported).

{¶7} Appellant's case was retried and in May, 1997, a jury convicted Appellant of aggravated burglary and kidnapping, both with repeat violent offender specifications. The jury found Appellant not guilty of the charge of rape. The trial court sentenced Appellant to forty (40) years in prison, ten (10) years for each first-degree felony conviction and specification, to be served consecutively.

**{¶8}** In its sentencing entry, the trial court also determined Appellant to be a sexual predator. In a separate entry, the trial court made separate findings of fact regarding its determination that the crimes were committed with a separate animus and did not merge. (Judgment Entry, June 9, 1997).

**{¶9}** Appellant did not file a direct appeal from his convictions and/or sentence.

**{¶10}** In 2019, Appellant filed a series of motions requesting resentencing, arguing that his convictions were the result of a single course of conduct and not done with a separate animus, and therefore his sentences should have merged.

**{¶11}** The trial court treated Appellant's motions as a petition for post-conviction relief.

**{¶12}** On June 2, 2020, the trial court denied the motions.

**{¶13}** Appellant appealed the trial court's judgment entry on July 2, 2020. The trial court appointed an attorney to represent him in a delayed appeal or subsequent post-conviction proceedings. (Judgment Entry, Aug. 7, 2020).

**{¶14}** On September 2, 2020, Appellant filed an Appellant's Brief *pro se.*

**{¶15}** On February 10, 2021, Appellant filed a second Appellant's Brief through counsel.

**{¶16}** Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶17}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY CONVERTING APPELLANT'S MOTION FOR RESENTENCING TO CORRECT HIS SENTENCE TO A PETITION FOR POST-CONVICTION RELIEF AND FOR NOT PERMITTING APPELLANT FROM [SIC] FURTHER HEARINGS ON THIS MATTER."

**I.**

**{¶18}** In his sole assignment of error, Appellant asserts that the trial court erred in treating his motion for resentencing as a petition for post-conviction relief. We disagree.

**{¶19}** We agree with the trial court that Appellant's motion was, in actuality, a petition for post-conviction relief because it requested the enforcement of rights guaranteed by the United States Constitution. The Supreme Court of Ohio has spoken on this issue in *State v. Reynolds,* 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131:

**{¶20}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *Id.* at syllabus.

**{¶21}** In *Reynolds,* the defendant filed a "Motion to Correct or Vacate Sentence." In the case *sub juice,* Appellant similarly filed a "Motion for Resentencing" arguing his sentences should have been merged because his convictions were the result of a single course of conduct.

**{¶22}** We further find Appellant's petition for post-conviction relief pursuant to R.C. §2953.21 was not timely filed. R.C. §2953.21(A)(2)(a) states as follows:

(A)(2)(a) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the

supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶23}** Pursuant to R.C. §2953.23, "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21] unless division (A)(1) or (2) of this section applies * * *." R.C. §2953.23(A)(1) governs being unavoidably prevented from discovering new evidence and R.C. §2953.23(A)(2) governs actual innocence as a result of DNA testing.

**{¶24}** As is stated above, Appellant's conviction and sentence were memorialized in a Judgment Entry filed on June 9, 1997. Since no appeal was taken, Appellant was required to file his petition for postconviction relief "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Appellant, however, did not file his first petition until September 9, 2019. Moreover, Appellant failed to make a showing under R.C. §2953.23 to justify the late filing.

**{¶25}** Accordingly, we conclude that the trial court was without jurisdiction to hear Appellant's post-conviction relief motion because he did not file it in a timely manner.

**{¶26}** Furthermore, we find that Appellant's claims are barred by the doctrine of *res judicata*. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised ... on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. In this case, Appellant's arguments are based on the record.

Therefore, these issues could have been raised on direct appeal. Consequently, the doctrine of *res judicata* bars Appellant from raising these issues here. *State v. Saunders*, 5th Dist. Stark No. 2003CA00141, 2003-Ohio-6794, ¶¶ 10-21.

{¶27} Based on the foregoing, Appellant's assignment of error is overruled.

{¶28} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.

JWW/kw 0602